UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALDINE BARABIN, as personal representative for the Estate of HENRY BARABIN,<br><br>Plaintiff,<br><br>v.<br><br>ASTENJOHNSON, INC., et al.,<br><br>Defendants. | CASE NO. C14-0557JLR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

## I.   INTRODUCTION

This matter comes before the court on Plaintiff's motion to remand (Mot. (Dkt. # 35)).  Having considered the submissions of the parties, the balance of the record, and

//

//

//

//

ORDER- 1

the relevant law, and deeming oral argument unnecessary,[1] the court grants Plaintiff's motion to remand.

Henry Barabin was diagnosed with mesothelioma in 2006. *See Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 461 (9th Cir. 2014). Mr. Barabin and his wife, Plaintiff Geraldine Barabin, filed a personal injury lawsuit against 22 defendants in December, 2006, alleging that Mr. Barabin developed mesothelioma as a result of exposure to defendants' asbestos-containing products. (1st Compl. (Dkt. # 34-4).) After multiple settlement agreements, only two defendants remained: AstenJohnson, Inc. ("Asten") and Scapa Dryer Fabrics, Inc. ("Scapa"). (*See generally* C7-1454JLR Dkt.) For purposes of diversity jurisdiction under 28 U.S.C. § 1332, those two defendants are diverse from the Barabins. (Not. of Rem. (Dkt. # 1) ¶ 6.)

While the personal injury action was on appeal to the Ninth Circuit, Mr. Barabin died. (*See* Death Certificate (Dkt. # 34-3).) Ms. Barabin filed this wrongful death action in King County Superior Court on March 18, 2014. (*See* Compl. (Dkt. # 1-2) at 35.) The allegations in that complaint—that Mr. Barabin developed mesothelioma as a result of exposure to defendants' asbestos-containing products—mirror the allegations in the personal injury action. (*Compare* Compl. *with* 1st Compl.) In this second action, Ms. Barabin joins as defendants not only Asten and Scapa, but also numerous other defendants not included in the first lawsuit. (*Compare* Compl. *with* 1st Compl.) At least

---

[1] Defendants did not request oral argument. (*See* Resp. (Dkt. # 43).) Even if they had, "[w]hen a party has had an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice in refusing to grant oral argument." *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) (internal punctuation omitted). Here, the issues have been thoroughly briefed by the parties and oral argument would not be of assistance to the court. Accordingly, the court will not hold oral argument.

one of these defendants, namely, Wright Schuchart Harbor ("Wright"), is a citizen of Washington State. (Mot. at 3.)

Scapa and Asten removed this action to federal court, asserting that the court has diversity jurisdiction under 28 U.S.C. § 1332 because the other defendants are fraudulently joined. (*See* Not. of Rem. ¶ 6.) Plaintiff moves to remand the case on the basis of the forum defendant rule and Wright's Washington citizenship. (*See* 28 U.S.C. 1441(b)(2*)*; Mot.) Defendants Scapa, Asten, and Wright respond that the court should disregard the citizenship of all defendants—such as Wright—not joined in the first personal injury action because the statute of limitations bars claims against them. (*See* Resp. (Dkt. # 43) at 5-6; *see also* Asten Resp. (Dkt. # 46); Wright Resp. (Dkt. # 47).) Similarly, Defendants Metalclad Insulation Corporation ("Metalclad") and Gould Pumps, Inc. ("Gould") move to dismiss the claims against them based on the statute of limitations defense. (*See* MTD (Dkt. # 34); Gould MTD (Dkt. # 36).)

## II.   ANALYSIS

**A.   Removal Jurisdiction**

In general, a defendant may remove to federal court any state action over which a district court would have original jurisdiction. *See* 28 U.S.C. § 1441; *Ansley v. Ameriquest Mortgage Co.,* 340 F.3d 858, 861 (9th Cir. 2003). Under the forum defendant rule, however, an action may not be removed solely on diversity grounds if any one of the defendants is a citizen of the forum state. *Spencer v. U.S. Dist. Court for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004); 28 U.S.C. § 1441(b). To remove an action, a defendant must file with the district court a "short and plain statement of the

grounds for removal." 28 U.S.C. § 1446(a).  The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  In addition to considering the notice of removal, "it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal evidence as determinative of the jurisdictional requirements." *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) (internal punctuation omitted) (quoting *Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 690-91 (9th Cir.2006)); *see also Cohn v. Petsmart, Inc.,* 281 F.3d 837 (9th Cir. 2002); *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997).

**B.      Fraudulent Joinder**

An "exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001).  It is "commonplace that fraudulently joined defendants do not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998).  A defendant is fraudulently joined "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* at 1318.  The statute of limitations defense is a permissible means by which to establish fraudulent joinder, and the defendant is entitled to present facts showing that the statute of limitations has run.  *Id.* at 1318-19.

Fraudulent joinder must be proven by clear and convincing evidence.  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  The party

ORDER- 4

charging fraudulent joinder bears the "heavy burden" of showing that the complaint "obviously fails" to state a claim. *Hunter,* 582 F.3d at 1044. Because the court must construe the removal statute strictly against removal jurisdiction, jurisdiction will be rejected if there is any doubt as to the right of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Therefore, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046.

## C. Statute of Limitations

The statute of limitations for a wrongful death action in Washington is three years. *See Atchison v. Great W. Malting Co.*, 166 P.3d 662, 664 (Wash. 2007); *see* RCW 4.20.010; RCW 4.16.080(2). Under Washington law, statutes of limitations begin to run once the cause of action has accrued. RCW 4.16.005. It is well-settled that wrongful death actions ordinarily accrue at the time of death. *Atchison*, 166 P.3d at 664 (citing *Dodson v. Continental Can Co.*, 294 P. 265, 266 (Wash. 1930)). However, under the discovery rule, if the facts of causation are unavailable at the time of death, a wrongful death action will instead accrue at the time the decedent's personal representative discovered, or should have discovered, the cause of action. *White v. Johns-Manville Corp.*, 693 P.2d 687, 693 (Wash. 1985).

Defendants contend that, in addition to those rules, a wrongful death action is also barred where the decedent failed to bring a personal injury suit on his own behalf within

the statute of limitations period.  (*See* Resp. at 5-6.)  Defendants' contention is predicated on the following three published cases.

In *Calhoun v. Washington Veneer Company*, which was decided in 1932, the court held that an adminstratrix's wrongful death claim, which was predicated on violations of the then-existing "Factory Act," accrued at the time of the negligence of the defendant— not at the time of the decedent's death.  *See* 15 P.2d 943, 946 (Wash. 1932).  Because the suit was not filed until the statute of limitations for the Factory Act had passed, the wrongful death claim was barred.  *Id.*

Shortly thereafter, in 1935, the court in *Grant v. Fisher Flouring Mills Company* reversed course and recognized the "great weight of authority" holding that a wrongful death action accrues at the time of death—not the time of the injury.  44 P.2d 193, 195 (1935).  To distinguish *Calhoun*, the court clarified that this rule was subject to the limitation that "at the time of death there must be a subsisting cause of action in the deceased."  *Id.*  Because the decedent in *Grant* had brought a personal injury action within the statute of limitations, the wrongful death claim added after his death was viable.  *Id.* at 196.

Finally, in *Johnson v. Ottomeier*, the court cited *Grant* in dicta as an example of a "rule of exclusion" which applied to the wrongful death statute.  275 P.2d 723, 725 (Wash. 1954).

In addition to this published precedent, Defendants supply as exhibits two trial court orders granting summary judgment on wrongful death claims based on the

1  expiration of the personal injury statute of limitations.  (*See* Paal Decl. (Dkt. # 43-1) Exs.
2  A-D.)

3  **D.    Application to Plaintiff's claims**

4        The parties do not dispute that Mr. Barabin knew or should have known that he
5  possessed a personal injury claim against Defendants at least as of December 18, 2006,
6  when he filed his first action regarding his workplace exposure to asbestos.  (*See*
7  *generally* 1st Compl.); *Janis*, 472 F. App'x at 534 (court may consider evidence outside
8  the pleadings when evaluating remand).  The question, therefore, is whether it is "obvious
9  according to the settled rules of [Washington]" that the personal representative of Mr.
10 Barabin's estate is precluded from bringing a wrongful death claim against any party not
11 sued by Mr. Barabin within three years of that date.  *See Ritchey*, 139 F.3d at 1319.  If so,
12 those parties' citizenships may be disregarded, the court has diversity jurisdiction over
13 the remaining parties, and the forum defendant rule does not bar removal.

14       The court concludes that, although Defendants may well ultimately prove to have
15 a viable statute of limitations defense, this defense is by no means obvious according to
16 the settled rules of Washington State.  *See Ritchey*, 139 F.3d at 1319.  The few published
17 cases Defendants have marshaled to support their theory are outdated: they were decided
18 85, 82, and 60 years ago.  *See Calhoun*, 15 P.2d at 946; *Grant*, 44 P.2d at 195; *Johnson*,
19 275 P.2d at 725.  Of the three, only *Grant* addresses the issue squarely.  The language in
20 *Johnson* is dicta, and therefore not controlling.  275 P.2d at 725.  Both *Calhoun* and
21 *Grant* were decided in the context of now-repealed employment laws such as the
22

ORDER- 7

"Factory Act" and without the benefit of the current wrongful death statute, RCW 4.20.010. *See Calhoun*, 15 P.2d at 946; *Grant*, 44 P.2d at 195.

Most importantly, rather than following *Grant*, the Washington Supreme Court has since stated that the time at which a wrongful death claim accrues to a decedent who was aware of his personal injury claim is an open question. Specifically, in evaluating the application of the discovery rule to wrongful death claims, the Washington Supreme Court clarified:

> [W]e are not faced with, nor do we decide, a case in which the deceased is alleged by the defendant to have known the cause of the disease which subsequently caused his death. In that case there is a question as to whether the wrongful death action of the deceased's representative "accrued" at the time of the decedent's death, when the decedent first discovered or should have discovered the injury, or when the claimant first discovered or should have discovered the cause of death.

*White*, 693 P.2d at 690. Inasmuch as Defendants have failed to identify a single published opinion since *White* concerning this issue, it appears that the issue remains unresolved.[2]

Indeed, when faced with a similar dearth of case law addressing the question of when a claim under the Montana State wrongful death statute accrued, the Ninth Circuit certified the question to the Montana Supreme Court. *See Carroll v. W.R. Grace & Co.*, 830 P.2d 1253, 1253 (Mont. 1992) (accepting certification and holding that a wrongful death action does not accrue until the death of the injured person). In originally considering the question, the Ninth Circuit applied the rule that a federal court

---

[2] The two trial court decisions that Defendants attach to their motion are unhelpful in that they are form orders of dismissal that discuss neither law nor facts. (*See* Paal Decl. Exs. B, D.)

confronting a state-law question not yet decided by the state's highest court must "seek the rule [it] believe[s] that Court would adhere to were it confronted with a similar situation." *Commercial Union Ins. Co. v. Ford Motor Co.,* 640 F.2d 210, 212 (9th Cir. 1981) Yet, in the fraudulent joinder context, the bar is much higher: the court asks not how the state's highest court would probably rule, but rather whether defendant's proposed ruling "is obvious according to the settled rules of the state." *See Ritchey*, 139 F.3d at 1319. The Ninth Circuit's decision to certify a similar question of law under the lower standard weighs heavily against finding defendant's proposed construction to be "obvious" here.

Moreover, several considerations suggest that a Washington court addressing the issue would find that a wrongful death claim is not barred merely because the personal injury statute of limitations runs prior to decedent's death. To begin, in Washington State, "actions can only be commenced . . . after the cause of action has accrued." RCW 4.16.005. A cause of action accrues when "the plaintiff discovers, or in the reasonable exercise of diligence should discover, the elements of the cause of action." *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 146 P.3d 423, 428 (2006). Plainly, the death of the decedent is an element of a wrongful death cause of action. *See* RCW 4.20.010. Consequently, Washington courts have consistently held that a wrongful death claim accrues, at the earliest, as of the death of the decedent. *See Atchison*, 166 P.3d at 664.

For instance, in *Wills v. Kirkpatrick,* a Washington appellate court considered whether the medical malpractice or wrongful death statute of limitations applied to a claim for wrongful death due to medical malpractice. *See* 785 P.2d 834, 837 (Wash. Ct.

App. 1990). The medical malpractice statute of limitations accrues one year from the date of discovering the alleged malpractice or three years after the actual act of malpractice. *Id.* (citing *Bixler v. Bowman*, 614 P.2d 1290, 1292 (Wash. 1980).) The court reasoned that the wrongful death statute of limitations must applied because otherwise "we would have the situation where such a claim could be barred even before death triggers accrual of the right to bring the action." *Wills*, 785 P.2d at 837. The court concluded: "Such a result seems to us illogical and unjust." *Id.*

Moreover, the Washington Supreme Court has made clear that wrongful death claims are separate and distinct causes of action from survival claims (the continuance of the personal injury claims of a now-deceased party). *Bowers v. Fibreboard Corp.*, 832 P.2d 523, 526 (Wash. 1992); *see also Upchurch v. Hubbard*, 188 P.2d 82, 85 (Wash. 1947). The two types of claims are authorized by discrete provisions of the Revised Code of Washington. *Compare* RCW 4.20.010 *with* RCW 4.20.046 (survival of actions). More importantly, the two types of claims advance different goals and result in different damages. The "purpose of the wrongful death statute is to compensate certain relatives of the deceased for injuries to their pecuniary interest . . . [which includes], in addition to monetary contributions, compensation for the loss of other services such as the love, affection, care, companionship, society and consortium of the deceased spouse." *Bowers*, 832 P.2d at 526 (internal citations and punctuation omitted). On the other hand, the survival action allows the personal representative, acting on behalf of certain specified surviving relatives, to recover for the decedent's damages, including any pain and suffering between the time of the injury and the time of death." *Id.* In other words, "the

ORDER- 10

survival statute continues the cause of action of the decedent for the damages which the decedent could have claimed had the death not occurred." *Id.* The fact that survival actions exist to perpetuate personal injury claims on behalf of a decedent militates against linking the accrual of a wrongful death claim for the benefit of third parties to the accrual of the underlying personal injury claim.

Looking outside the state of Washington for guidance, Defendants provide examples of other jurisdictions that have held that a wrongful death claim is barred where the personal injury statute of limitations runs prior to the decedent's death. (*See* MTD at 7, n. 25.) However, states are by no means unanimous in adopting this rule; many states have held that a wrongful death claim is not precluded by the running of the personal injury statute of limitations. *See, e.g. Castorena v. Gen. Elec.*, 238 P.3d 209, 220 (Idaho 2010) (finding that the fact the statute of limitations had run against decedent's personal injury claim did not bar a wrongful death suit because "the action created by Idaho's Wrongful Death Act is more than a mere survival action; it provides compensation for the harm that the heirs experience due to the decedent's death. . . . As the actionable wrong for a wrongful death action is not complete until the death of the decedent, the statute of limitations does not begin running until that time.")[3] Additionally, Defendants'

---

[3] *See also Carroll*, 830 P.2d at 1255; *Saul ex rel. Heirs of Cook v. S. Cent. Reg'l Med. Ctr., Inc.*, 25 So. 3d 1037, 1040 (Miss. 2010) ("The statute of limitations for wrongful-death claims, however, cannot begin to run until, at the earliest, the date of death.") (internal punctuation omitted); *James v. Phoenix Gen. Hosp., Inc.*, 744 P.2d 695, 705 (Ariz. 1987) ("The wrongful death cause of action can accrue only at the death of the party injured."); *Farmers Bank & Trust Co. of Bardstown v. Rice*, 674 S.W.2d 510, 512 (Ky. 1984) ("[T]he statute of limitations for wrongful death actions runs from the death of the decedent, even though there was no viable action for personal injury or medical negligence or malpractice at the time of death."); *Gilloon v. Humana, Inc.*, 687 P.2d 80, 82 (Nev. 1984) ("The death of

contention that the United States applies this rule to federal statutes is incorrect. (*See* MTD at 7, n. 25.) In fact, in the context of suits under the Federal Tort Claims Act, federal appellate courts have concluded that when a state statute creates an independent wrongful death claim, such wrongful death claims do not accrue under federal law prior to death. *See, e.g., Miller v. Phil. Geriatric Ctr.*, 463 F.3d 266, 272 (3d Cir. 2006) ("[W]rongful death claims, for FTCA purposes, cannot accrue prior to death."); *Warrum v. United States*, 427 F.3d 1048, 1051 (7th Cir. 2005).

In light of these considerations, the court concludes that Defendants have not carried their "heavy burden" of showing that the complaint "obviously fails" to state a claim against the new Defendants. *Hunter*, 582 F.3d at 1046. Indeed, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 1044. Here, the lack of recent relevant case law, the equivocation of the Washington Supreme Court on the issue, the overarching purpose of the wrongful death statute, the hesitation of the Ninth Circuit to decide the matter a similar situation, and multiple decisions by other jurisdictions taking the opposite position, all raise the possibility that a Washington State court would find that

---

the decedent being an essential element of the cause of action for wrongful death, there can be no legal injury until the death has occurred."); *Clark v. Singer*, 298 S.E.2d 484, 486 (Ga. 1983) ("No . . . cause of action for wrongful death in Georgia is barred by the statute of limitations before death."); *Larcher v. Wanless*, 557 P.2d 507, 512-13 (Cal. 1976) ("[T]he cause of action for wrongful death . . . is not merely a continuation or survival of the decedent's claim for personal injuries, but is an entirely new cause of action created in the heirs and based on the death of the decedent as that death inflicted injury upon them. Until that death, the heirs have suffered no "injury" . . . and hence have no basis for filing suit."); W. Page Keeton, PROSSER AND KEETON ON TORTS § 127 (5th ed. 1984) ("As to the defense of the statute of limitations, . . . the considerable majority of the courts have held that the statute runs against the death action only from the date of death, even though at that time the decedent's own action would have been barred while he was living.").

ORDER- 12

the statute of limitations has not run.  But, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper." *Id.* at 1046.

This court must construe the removal statute strictly against removal jurisdiction. *Gaus*, 980 F.2d at 566.  Because Defendants raise a legitimate doubt as to the right of removal, the case must be remanded to state court. *Id.*; *see also Blake v. Unumprovident Corp.*, C 07-04366 MHP, 2007 WL 4168235, at *5 (N.D. Cal. Nov. 20, 2007) (remanding case and holding that because state courts had not yet decided the statute of limitations issue, "defendants cannot establish that it is obvious under settled rules of existing state law that [the action] is time-barred"); *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1171 (N.D. Cal. 2003) (remanding case because "defendants have not persuaded the court that the statutory language clearly bars" plaintiff's challenge); *Sue Tsang v. Select Portfolio Servicing, Inc.*, No. EDCV 12-00127 VAP, 2012 WL 10423187, at *9 (C.D. Cal. Aug. 3, 2012) (remanding case because "Defendants have not persuaded the Court, by clear and convincing evidence, that Plaintiff's trespass claim obviously fails to establish the possibility of recover[y]").

E.     **Attorneys' Fees and Costs**

Plaintiff moves for attorneys' fees and costs.  (Mot. at 4-5); *see* 28 U.S.C. § 1447(c).  Plaintiffs advance the erroneous notion that "an award of attorneys' fees and costs may be made upon a simple finding that the removal was improper." (*See* Mot. at 5.)  To the contrary, the Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked

ORDER- 13

an objectively reasonable basis for seeking removal." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005)). "[W]hen an objectively reasonable basis exists, fees should be denied." *Id.* (citing *Martin*, 546 U.S. at 138).

Here, Defendants' rationale for removal was supported by case law and presented a close question in a complex and unresolved area of state law. As such, the court cannot say that Defendants lacked an objectively reasonable basis for removal. *See Gardner*, 508 F.3d at 562 (upholding denial of attorneys' fees when defendants' removal was supported by case law and raised a "close question" of state law). Plaintiff's request for attorneys' fees and costs is DENIED.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's motion to remand (Dkt. # 35). The court ORDERS that:

1. Pursuant to 28 U.S.C. §§ 1447(c) and 1447(d), all further proceedings in this case are REMANDED to the Superior Court for King County in the state of Washington,

2. The Clerk of the Court shall send copies of this order to all counsel of record for all parties,

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of the order of remand to the Clerk of the Court for the Superior Court for King County, Washington,

4. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington,

5. The parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the state of Washington, as may be appropriate in due course, and

6. The Clerk of the Court shall CLOSE this case.

Dated this 30th day of June, 2014.

_____
JAMES L. ROBART
United States District Judge